NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEBYOU SOLOMON,

Plaintiff - Appellant,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; JOHN PELLETIER;
RICHARD E. MAUPIN; RYAN
FRYMAN; JUAN CONTRERAS; ALLEN
PAVESE; BRANDON MEADS; JOSEPH
LOMBARDO,

Defendants - Appellees.

No. 23-4166

D.C. No.
2:19-cv-00652-CDS-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted May 14, 2025
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Plaintiff Nebyou Solomon appeals the district court's order granting

Defendants' motion for summary judgment against Solomon on his First, Fourth,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and Fourteenth Amendment claims, as well as his claims under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). We affirm.

"We review the [district court's] grant of summary judgment de novo, using the same standard as the district court" under Federal Rule of Civil Procedure 56(c). *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

1. Defendants did not violate Solomon's First Amendment right "to film an event of public significance." Even assuming, as the district court did, that the Fashion Show Mall ("FSM") sidewalk constitutes a public forum, the actions by Defendants constituted a reasonable time, place, and manner restriction.

FSM informed Defendant Las Vegas Metropolitan Police Department ("LVMPD") that "they did not want any protest related activity on their property." This restriction on protest-related activity on the FSM sidewalk was "justified without reference to the content of the regulated speech," as it was issued against all involved in protest-related activity, regardless of the subject or content of their message. *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984). This restriction was narrowly tailored because it did not "burden substantially more speech than is necessary to further the government's legitimate interests." *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989). There is a legitimate government interest in "ensuring public safety and order, promoting the free flow of traffic on

streets and sidewalks, [and] protecting property rights." *McCullen v. Coakley*, 573 U.S. 464, 486 (2014) (quoting *Schenck v. Pro-Choice Network of W. N.Y.*, 519 U.S. 357, 376 (1997)). LVMPD's instruction that Solomon vacate his location on the sidewalk and move west towards an alternative filming location narrowly promotes that interest. Body worn camera footage shows Solomon's large camera tripod obstructed over half of the sidewalk, and pedestrians would potentially be forced to move through traffic or up a rocky incline to get past Solomon. Finally, this restriction allowed ample room for alternative means of communication. Solomon does not dispute that he could have filmed the protest from across the street. Further, he could have filmed from the center median. Rather than pursue either of those alternatives, Solomon violated the officers' instructions and concedes that he intended to continue filming in a restricted area.

2. Solomon was not retaliated against for exercising his First Amendment rights. To succeed on a First Amendment retaliation claim, Solomon must provide evidence that chilling Solomon's speech was "a substantial or motivating factor in the defendant's conduct." *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (simplified). But the record shows Defendants' motivations in arresting Solomon were content neutral.

As explained below, Defendants had probable cause to believe Solomon was trespassing in violation of Nev. Rev. Stat. § 207.200. But rather than comply with

Sgt. Fryman's instruction to pick up his camera equipment and move west down the sidewalk so as not to be trespassing, Solomon told officers he intended to film elsewhere on the FSM property and moved east. Only after the officers developed probable cause to believe Solomon was trespassing did they arrest him. People have a First Amendment "right verbally to challenge the police." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1019 (9th Cir. 2015) (simplified). They do not, however, possess a right to disobey police orders. Nothing in the record suggests Defendants were motivated to arrest Solomon due to his First Amendment activity.

3. Defendants did not violate Solomon's Fourth Amendment rights. Defendants had probable cause to believe Solomon was trespassing. *See* Nev. Rev. Stat. § 207.200. At the time of the arrest, the sidewalk at issue had not yet been declared a public forum. And FSM officials informed Solomon that he could not film on their property and had to move. Sgt. Fryman also informed Solomon the property was private and he had to leave. So at that moment, Defendants had probable cause to arrest Solomon for trespassing. Defendants also had probable cause to arrest Solomon for obstructing a police officer by refusing to identify himself. *See* Nev. Rev. Stat. §§ 171.123(3), 197.190. Ofc. Contreras informed Solomon that it was a crime in Nevada to refuse to identify to a police officer and Solomon refused to do so.

4. Solomon was not exposed to excessive force. It was "objective[ly] reasonable[]" for Defendants to grab Solomon's arm and place him in handcuffs as part of his lawful arrest. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The force used here was minimal and Solomon does not claim any injury.

5. Defendants did not violate Solomon's Fourteenth Amendment Equal Protection Clause rights. Solomon cannot identify a similarly situated individual who was treated differently than him. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The white man who was taking pictures of the protest from the FSM sidewalk was argumentative with officers, but unlike Solomon, he complied with their order to continue moving westward along the FSM sidewalk so as not to trespass. None of the individuals identified by Solomon as "similarly situated" to him traveled east on FSM's sidewalk in violation of a police officer's order—only Solomon did. Further, there is no evidence in the record that any individuals other than Solomon were blocking the FSM sidewalk with their equipment.

6. Solomon's *Monell* claims fail because he did not suffer any constitutional injury. *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).

**AFFIRMED.**

23-4166